Robert A. BEVERLIN, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Defendant.

No. 81-0943-CV-W-3.

United States District Court, W.D. Missouri, W.D.

Nov. 3, 1983.

Karl Zobrist, Kansas City, Mo., for plaintiff.

F.O. Griffin, Jr., Kansas City, Mo., for defendant.

## OPINION AND ORDER DENYING MOTION TO DISMISS AND REQUIRING PLAINTIFF TO SHOW CAUSE

ELMO B. HUNTER, Senior District Judge.

Plaintiff was separated from the Internal Revenue Service effective October 30, 1979, during his probationary period and was notified of such action by letter dated October 25, 1979. Plaintiff appealed the decision to terminate him to the Merit Systems Protection Board by letter of November 19, 1979.

By letter of January 17, 1980, plaintiff was notified that his appeal was dismissed by the Board without prejudice due to lack of subject matter jurisdiction. It was the position of the Board that there was no statutory grant of jurisdiction for probationary employees and that the case did not fill the requirements of the regulatory grants of jurisdiction. Since the appeal contained no allegation that the termination was based on partisan political reasons or marital status as required by 5 C.F.R. § 315.806(b), the Board had no jurisdiction under that section. Since the termination was not based on pre-appointment reasons, the plaintiff's case did not fall within the grant of 5 C.F.R. § 315.806(c) which allows an appeal based on procedural grounds if the termination was for a condition arising before appointment. Finally the Board found no jurisdiction under 5 C.F.R. 1201.-3(a) based on an allegation of a termination in violation of a multi-district agreement. There was no appeal of the Board's finding of no jurisdiction.

Plaintiff asserts that this court has jurisdiction to hear his case under 28 U.S.C. § 1331 and 1346(a)(2). Plaintiff apparently contends that because Article II of the collective bargaining agreement incorporates federal laws that a federal question is involved. No authority is cited for this proposition and none has been found by this Court. The fact that parties include the language of a federal law in their contract does not raise a breach of such contract to a "civil action arising under the Constitution laws or treaties of the United States," even though an interpretation of the contract will involve interpretation of language that is also a federal statute.

Plaintiff claims that since the action involves the enforcement of a contractual right contained in a collective bargaining agreement between a federal agency and its employees, that federal law must govern the right and therefore the case arises under the "laws" of the United States. *See Local 2047 v. Defense General Supply Center,* 573 F.2d 184, 186 (4th Cir.1978). While such reasoning is attractive, it fails to differentiate between the question of choice of law and the issue of jurisdiction.

Under the *Clearfield Trust* rule, federal common law may govern actions where a uniform national rule is necessary to further the interest of the federal government. *Clearfield Trust Co. v. United States,* 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943). Cases involving this choice of

law rule, however, have recognized that an independent basis of jurisdiction has been involved. *See i.e. Miree v. DeKalb County*, 433 U.S. 25, 28, 97 S.Ct. 2490, 2493, 53 L.Ed.2d 557, 562 (1977).

■ The fact that federal common law governs an action may in some cases, as where no applicable federal statute exists, give rise to federal jurisdiction under the federal question provision of § 1331. A cause of action based on a right founded on federal common law "arises under" federal law no less than where the right is based on a federal statute. *State of Illinois v. City of Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972).

The plaintiff in the case at bar, however, asserts no judicially created right. Plaintiff asserts that various statutes have been violated, but points to no provision that expressly or implied gives him a right to assert an action under § 1331.

■ 28 U.S.C. § 1346(a)(2) grants the district courts original jurisdiction concurrent with the United States Claims Courts over certain civil actions, including contract claims not exceeding $10,000, against the United States. While this general statute purports to give a very broad grant of jurisdiction, such jurisdiction may be limited by Congress' explicit declaration of a substatute remedy. *Carter v. Kurzejeski*, 706 F.2d 835 (8th Cir.1983). Where Congress has carefully devised a system of review for aggrieved federal employees a plaintiff cannot avoid the procedure intended by Congress by asserting jurisdiction under a general jurisdiction statute. *See* id, at 840.

The applicable system of review is found in the Civil Service Reform Act of 1978. 5 U.S.C. § 7701 states in pertinent part: "(a) An employee ... may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule or regulation." Judicial review of action taken by the MSPB lies in the United States Court of Appeals. 5 U.S.C. § 7703(b)(1).

■ Appeals to the MSPB are provided for by 5 U.S.C. § 7513 for non-probationary employees who challenge certain adverse actions taken by the agency. While no specific appeal right is afforded them by statute, probationary employees have a limited right to appeal to the Board under the regulations. 5 C.F.R. § 315.806 provides:

(a) *Right of Appeal.* An employee may appeal to the Merit Systems Protection Board in writing an agency's decision to terminate him under § 315.804 or § 318.805 only as provided in paragraphs (b) and (c) of this section. The ... review of is confined to the issues stated in (b) and (c) of this section.

(b) *On discrimination.* An employee may appeal under this paragraph a termination not required by statute which he or she alleges was based on partisan political reasons or marital status.

(c) *On improper procedure.* A probationer whose termination is subject to § 315.805 may appeal on the ground that his termination was effected in accordance with the procedural requirements of that section.

Paragraph (d) gives the right to appeal a termination based on various forms of discrimination, including physical handicap, if such discrimination is raised in addition to one of the issues stated in paragraph (b) or (c) above.

A review of the scheme of review that has been carefully devised by Congress in 5 U.S.C. § 7701 *et seq.* indicates to this court that Congress intended the procedure outlined therein to be the exclusive means of redress where redress is available thereunder. In the case at bar, however, the plaintiff had no recourse under the outlined appeal procedure. Defendant admits, in fact strongly argues that this is the case. Since plaintiff had no remedy under the outlined procedure, he is not constrained to follow it exclusively.

■ Defendant's fear that this court's acknowledgment of jurisdiction will render meaningless the provisions of the Civil Service Reform Act is totally unfounded. Any employee who has recourse under the act

must follow exclusively the procedure laid down by the Act. *Carter v. Kurzejeski*, 706 F.2d 835 (8th Cir., 1983). Today's ruling merely indicates that where the Act provides no remedy, other means of redress are not preempted. This court is reluctant to find, as it is requested to do by the defendant, that by enacting the Civil Service Reform Act, and failing expressly to protect the rights of probationary employees, Congress intended to cut off all other protections that might be available to probationers.

Defendant contends that to allow a probationary employee to sue directly in federal court when a tenured employee is required to pursue his administrative remedy first is anomalous. This "anomaly" is not caused by this court's ruling but by limitations imposed by the Board's regulations. Congress contemplated that even probationary employee's rights were entitled to some protection under the act, and left it largely to the Board to determine the protection to be offered. 5 U.S.C. § 7701 allows appeal to the MSPB of any action which is "appealable under any law, rule, or regulation," and allows the Board to prescribe regulations. Therefore it is within the Board's power, through regulation, to include actions taken against probationary employees in the exclusive review mechanism.

The Board has seen fit to allow review only in limited situations, as where the probationary employee alleges that a termination was based on partisan political reasons or marital status. By limiting access to the Board, the Board may give the agencies more freedom to act without possibility of judicial review of its action, but to the extent an employee is not included in the administrative appeal scheme, the scheme does not preclude him from seeking available remedies other than review. A case cited to this court by the defendant has already addressed this issue:

> We decide only that the limited statutory remedy provided probationary employees, who have no appeal to the MSPB or to a judicial forum at all from

an adverse personnel action or from an OSC decision not to prosecute, is not an adequate enough substitute for a prior judicial cause of action so that we can infer from the statute a Congressional desire to eliminate a preexisting right. *Borrell v. U.S. International Communications Agency*, 682 F.2d 981, 990 (D.C.Cir. 1982).

Having decided that a probationary employee who has no recourse under the act is not precluded from asserting other claims, the question now becomes whether the plaintiff has an independent federal cause of action.

■ In general, employees of the federal government hold their positions by appointment rather than by contract. In the Civil Service Reform Act, however, Congress has indicated that the federal government may now enter into collective bargaining agreements with unions which represent federal employees. *Karahalios v. Defense Language Institute*, 534 F.Supp. 1202, 1208 (N.D.Cal.1982).

Without suggesting that the relationship between a federal employer and its employees is contractual in all respects, the court in *Karahalios* found that a collective bargaining agreement under the CSRA is at the very least analogous to an agreement between private employers and representative unions. The court found jurisdiction to hear a contract action for damages under 28 U.S.C. § 1346.

■ While it allows federal agencies to enter into collective bargaining agreements, the CSRA requires that all such agreements contain procedures for the settlement of grievances. 5 U.S.C. § 7121(a)(1). The Multi-District Agreement between the Internal Revenue Service and the Union in effect at the time of the acts complained of contained such a grievance provision. Under article 35 of the agreement either an employee singly, or the union on behalf of employees were entitled to request relief in any matter covered by the terms of the agreement. There is a conclusory statement in the complaint that the

"plaintiff attempted to exhaust grievance procedures as provided in the collective bargaining agreement." Defendant has coupled with his motion to dismiss an affidavit of Roger N. Groth, Chief, Personnel Branch, St. Louis District, Internal Revenue Service, to the effect that neither plaintiff nor plaintiffs' union ever submitted or attempted to submit a grievance with respect to any aspect of his termination. No particular averments of fact concerning exhaustion of contractual remedies has been offered by plaintiff.

When plaintiffs fail to exhaust contractual remedies, the ordinary procedure is to dismiss the complaint. *See Wren v. Sletten Construction Co.*, 654 F.2d 529 (9th Cir.1981). Accordingly it is ORDERED:

(1) That defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

(2) That plaintiff show cause in writing within 25 days of the date of this order why his case should not be dismissed for failure to exhaust his contractual remedies.