Betty ADELMAN, On behalf of Herself and all Others Similarly Situated, Plaintiffs,

v.

UAL, INC.; United Express; and West Air Commuter Airlines, Inc., Defendants.

Civil Action No. 96–00496 (CRR).

United States District Court, District of Columbia.

May 29, 1996.

Herbert E. Adelman, Adelman & Adelman, Washington, DC, for plaintiffs.

Mark A. Dombroff and Thomas B. Almy, Washington, DC, for defendant United Airlines, Inc.

William H. Barrett and Karla L. Palmer, McDermott, Will & Emery, Washington, DC, for defendant Westair Commuter Airlines, Inc.

MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case arises out the defendants' alleged refusal to transport the plaintiff on an overbooked flight, a practice commonly referred to as "bumping." The plaintiff alleges that the defendants bumped her and her three year old granddaughter from a flight, and that in doing so the defendants failed to comply with certain procedures required by federal law and breached a contract between the defendants and the plaintiff.

Before the Court are defendant United Airlines, Inc.'s (UAL's) Motion to Dismiss, defendant Westair Commuter Airlines, Inc.'s (WCA's) Motion to Transfer, the plaintiff's Oppositions thereto, and the defendants' Replies. Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, the Court shall grant defendant UAL's Motion to Dismiss, in part, dismissing the federal claims against both defendants. Absent the federal law claims, this Court no longer has subject matter jurisdiction over the above-captioned case. Accordingly, the Court shall dismiss the case, with prejudice, for lack of subject matter jurisdiction, and the Court shall not address the merits of the UAL's Motion to Dismiss the pendent state law claims or defendant WCA's Motion to Transfer.

## BACKGROUND

On March 31, 1996, the plaintiff filed a class action Complaint in this Court, alleging that the defendants UAL and WCA "bumped" the plaintiff and her granddaughter from their scheduled flight from Redmond, Oregon to Portland, Oregon, with the ultimate destination of Dulles Airport, causing the plaintiff to arrive at Dulles approximately four hours later than previously scheduled. The plaintiff alleges that the defendants discriminated against her and her granddaughter by bumping the plaintiff, rather than others, from the flight in violation of 49 U.S.C.App. § 1374(b). The plaintiff also claims that the defendants failed to follow the procedures provided in 14 C.F.R. Part 250 for oversales of a flight segment, denial of boarding, and compensation of those denied boarding. The plaintiff purports to represent the class of all plaintiffs bumped by the defendants in violation of Part 250. Additionally, the plaintiff alleges that by bumping the plaintiff and failing to follow certain procedures, the defendants are liable for breach of contract, breach of the covenant of good faith and fair dealing, and negligence.

The plaintiff pleads that the Court has jurisdiction on the basis of federal questions arising under 49 U.S.C.App. § 1301 and 14 C.F.R. Part 250. The plaintiff does not assert diversity jurisdiction, nor does the plaintiff allege the amount of damages claimed.

## DISCUSSION

### I. THE COURT SHALL DISMISS THE ABOVE–CAPTIONED CASE FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE THE PLAINTIFF FAILS TO STATE A CLAIM ARISING UNDER FEDERAL LAW.

■ The federal courts are courts of limited jurisdiction, and the plaintiff bears the burden of establishing jurisdiction. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). The plaintiff asserts jurisdiction under 28 U.S.C. § 1331, which states that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The plaintiff attempts to invoke federal question jurisdiction based on 49 U.S.C.App. § 1374(b) and 14 C.F.R. Part 250; however, the plaintiff fails to state a claim under these federal laws. Accordingly, the Court shall dismiss these claims and shall decline to exercise supplemental jurisdiction over the remaining common law claims. *See* 28 U.S.C. § 1367(c)(3). *See also Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908) (Court may dismiss case, *sua sponte,* where court lacks subject matter jurisdiction).

### A. The Plaintiff Fails To State A Claim For Which Relief Can Be Granted Under 49 U.S.C.App. § 1374(b) Because The Congress Repealed § 1374(b).

■ The plaintiff fails to state a claim arising out of 49 U.S.C.App. § 1374(b) because Congress explicitly repealed § 1374(b) by Public Law 103–272, § 7(b), July 5, 1994, 108 Stat. 1379. The plaintiff alleges that 49 U.S.C. § 40120(c) somehow serves as a savings clause for repealed § 1374(b), and the plaintiff cites the case of *American Airlines, Inc. v. Wolens,* — U.S. ——, ——, 115 S.Ct. 817, 821, 130 L.Ed.2d 715 (1995), as authority for this proposition. The Court is unpersuaded by the plaintiff's argument. Section 40120(c) merely states that, "[a] remedy under this part is in addition to any other remedies provided by law." Section 40120(c) and *American Airlines* are completely inapposite and have no relation to the discrimination claim raised by the plaintiff in the present case.

### B. The Plaintiff Fails To State A Claim For Which Relief Can Be Granted Under 14 C.F.R. Part 250 Because The Plaintiff Fails To Allege That The Aircraft Involved Had A Carrying Capacity Of 60 Or More Persons.

■ Similarly, 14 C.F.R. Part 250, which sets forth regulations regarding the oversales of flight segments, does not apply in this case. Section 250.2 states:

**Applicability.** [Part 250] applies to every carrier, as defined in § 250.1, with respect to flight segments with *large aircraft* in (1) interstate or overseas air transportation and (2) foreign air transportation originating at a point within the United States.

14 C.F.R. § 250.2 (emphasis added). The regulations define *large aircraft* as "any aircraft that has a passenger capacity of more than 60 seats." 14 C.F.R. § 250.1. In other words, Part 250 only applies to flight segments involving aircraft with a carrying capacity of greater than 60 people. However, the plaintiff fails to allege in her Complaint that the aircraft had a carrying capacity of greater than 60 people.

In fact, the plaintiff concedes that the aircraft involved had a carrying capacity of fewer than 60 people,[1] and attempts to establish that the defendants voluntarily agreed to be bound by Part 250. Even if the defendants agreed to be bound by the language of Part 250,[2] the plaintiff's claim arises under the state law cause of action for breach of contract—it does not arise under federal law. *See Beverlin v. Internal Revenue Serv.*, 574 F.Supp. 553, 554 (W.D.Mo.1983) ("The fact that parties include the language of a federal law in their contract does not raise a breach of such contract to a 'civil action arising under the Constitution, laws or treaties of the United States,' even though an interpretation of the contract will involve interpretation of language that is also a federal statute.")

Because the plaintiff has failed to state a claim arising under federal law, the Court has no subject matter jurisdiction over the above-captioned case. Accordingly, the Court shall not rule on the merits of UAL's Motion to Dismiss the remaining pendent state law claims for failure to state a claim or WCA's Motion to Transfer.

**CONCLUSION**

For the reasons discussed above, the Court shall grant the defendant UAL's Motion to Dismiss with respect to those claims arising under federal law, and the Court shall dismiss the remainder of the claims for lack of subject matter jurisdiction. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

*ORDER*

For reasons set forth in the Memorandum Opinion of even date herewith, it is, by the Court, this 29th day of May, 1996,

ORDERED that the defendant UAL's Motion to Dismiss shall be, and hereby is, GRANTED, in part; and it is

FURTHER ORDERED that the claims against all defendants under 49 U.S.C.App. § 1301 and 14 C.F.R. Part 250, shall be, and hereby are, DISMISSED; and it is

FURTHER ORDERED that the remaining claims shall be, and hereby are, DISMISSED for lack of subject matter jurisdiction; and it is

FURTHER ORDERED that all other outstanding motions shall be, and hereby are, declared, MOOT, and the case stands DISMISSED from the dockets of this Court.

---

**1.** *See* Betty Adelman Decl. herein at ¶ 13. Incidentally, the Court finds disturbing the plaintiff's admission that "It was, of course, known to plaintiff prior to this suit that Part 250 had an exemption for planes carrying fewer than 60 passengers...." Plaint's Opp. at 9. Presumably the plaintiff, represented by counsel, was also aware that 49 U.S.C.App. § 1374 was repealed. The Court cautions the plaintiff to, in the future, carefully review Rule 11(b)(2) of the Federal Rules of Civil Procedure prior to filing litigation in the federal courts.

**2.** The Court makes no finding with respect to whether or not the contract of carriage included the terms of Part 250.