William V. **KENNEDY**

v.

The **UNITED STATES.**

No. 505–82C.

United States Claims Court.

July 31, 1984.

See also 2 Cl.Ct. 243.

---

Richard L. Swick, Washington, D.C., for plaintiff.

Beacham O. Brooker, Jr., Washington, D.C. with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

MARGOLIS, Judge.

This civilian back pay case is before the Court on the defendant's motion to dismiss with oral argument. Plaintiff William V. Kennedy, a former GS-13 Political Scientist and civilian employee of the United States Army, brought suit alleging that he was unlawfully deprived of his pay when the Strategic Studies Institute, United States Army War College, suspended him for 10 days in retaliation for the exercise of his First Amendment right to free speech[1]. The defendant contends that the Civil Service Reform Act of 1978 (CSRA), Pub.L. 95-454, 92 Stat. 1111 (1978), constituted a comprehensive restructuring of federal civil service employees' rights and does not provide for judicial review of suspensions for 14 days or less. The defendant also asserts that the types of disciplinary actions which may be appealed to the Merit Systems Protection Board (MSPB) are listed in 5 U.S.C. § 7512. Since suspensions for 14 days or less are not appealable to the MSPB, the defendant contends that judicial review is not available under 5 U.S.C. § 7703. Thus, the defendant argues that this Court is without jurisdiction over the subject matter. However, this Court finds that it does have jurisdiction, and therefore denies the defendant's motion to dismiss.

## DISCUSSION

■ The CSRA distinguishes between suspensions for 14 days or less, 5 U.S.C. §§ 7501-7504 (1982), and other adverse actions such as removal, suspensions for more than 14 days, reduction in grade or pay, or furlough for 30 days or less. *Id.* at

§§ 7511-7514. For suspensions of 14 days or less, the CSRA only expressly provides that the employee is entitled to advance written notice stating the specific reasons for the proposed action, a reasonable time to respond orally and in writing and to furnish affidavits and other documentary evidence in support of the answer, representation, and a written decision at the earliest practicable time. *Id.* at § 7503. No appeal to the Merit Systems Protection Board is provided. For the other adverse actions, the employee is entitled to procedural rights similar to those provided for a suspension for 14 days or less but with more restrictive time limitations on the agency; appeal to the MSPB under section 7701 is expressly provided. *Id.* at § 7513. Appeals from the MSPB, of course, are taken to the United States Court of Appeals for the Federal Circuit. *Id.* at § 7703. Clearly, plaintiff has no recourse here under the CSRA.

Plaintiff, however, contends that this Court has Tucker Act jurisdiction, apart from the CSRA, to hear his claim. Prior to the enactment of the CSRA, the United States Court of Claims exercised jurisdiction over cases where a substantive right to receive a certain sum of money was conferred on the plaintiff by statute or regulation and where the plaintiff had been unconstitutionally deprived of that money. *See, e.g., Gentry v. United States,* 212 Ct.Cl. 1, 546 F.2d 343 (1976) (illegitimate child suing to recover deceased civil servant's benefits claimed statutory requirement that such a child must live with the annuitant was unconstitutional), *Jackson v. United States,* 192 Ct.Cl. 765, 428 F.2d 844 (1970) (probationary civilian employee claimed dismissal violated his First Amendment rights).

Prior to the enactment of the CSRA, the Court of Claims clearly would have had jurisdiction over the subject matter of this case. Plaintiff has a substantive right to pay under the General Schedule Pay Rates,

---

**1.** Specifically, the plaintiff alleges that he was suspended for writing a letter to his Congress-

man which criticized the competency of a fellow Strategic Studies Institute employee.

5 U.S.C. §§ 5331 *et seq.* (1982), and he further claims that he was wrongfully deprived of that pay because he exercised his constitutional right of free speech. Jurisdiction for such claims is granted by the Tucker Act, 28 U.S.C. § 1491(a)(1). The issue, then, is whether the enactment of the CSRA abrogated this Court's jurisdiction over cases where a statutorily created substantive right is allegedly unconstitutionally violated and where no other review for an employee suspension for 14 days or less is specifically provided for under the CSRA.

Where a prior right existed, the former United States Court of Claims was unwilling to find that a new statute eliminated that right unless Congress clearly intended it to do so. In *Chambers v. United States,* the Court stated:

> ... absent such a clear manifestation that access to the courts is prohibited where a specific right has been created, we think it is the intent of Congress that the general jurisdictional statutes are controlling.

196 Ct.Cl. 186, 199, 451 F.2d 1045, 1053 (1971).[2]

■ In enacting the CSRA, Congress could easily have stated that it precluded judicial review for employees suspended for 14 days or less. Congress did not do so. Where an employee claims he was unconstitutionally deprived of a statutorily created substantive right, and where no other review is available, this Court is not prepared to abandon its jurisdiction over such a claim.

Recently, the United States Court of Appeals for the Federal Circuit (CAFC) decided *Connolly v. United States,* 716 F.2d 882 (Fed.Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). That case involved a probationary postal employee who claimed he was unconstitutionally removed when he exercised his First Amendment rights. The CAFC held that the United States Claims Court did not have jurisdiction to hear the constitutional claim.[3] The Court distinguished *Connolly* from two United States Court of Claims cases, *Jackson v. United States,* 192 Ct.Cl. 765, 428 F.2d 844 (1970), and *Swaaley v. United States,* 180 Ct.Cl. 1, 376 F.2d 857 (1967). The plaintiffs in both *Jackson* and *Swaaley* sought back pay due them under federal pay statutes. The Court of Claims held that there was jurisdiction under the Tucker Act for the wrongful withholding of such back pay. But in *Connolly,* the plaintiff could not point to any pay statute mandating a right to receive money. In discussing *Jackson* and *Swaaley* in relation to the jurisdictional issue, the CAFC stated:

> ... the Tucker Act jurisdiction of the Court of Claims followed from the pay legislation pertaining to those employees and the latters' invocation of the first amendment formed part of their claims that they had been illegally deprived of their pay [citations omitted].

Connolly, in contrast, cannot rely upon a pay statute which mandates the payment of money to him. He was employed by the Postal Service, and the Postal Reorganization Act of 1970, Pub.L. No. 91–375, 84 Stat. 719 (1970), *reprinted in* 1970 U.S.Code Cong. & Ad. News 842, abrogated the applicability of federal pay statutes to Postal Service employees [citations omitted]. No com-

---

**2.** While the decision in *Chambers* was recently questioned in *Holmes v. United States,* 3 Cl.Ct. 521, 524 (1983), the proposition for which *Chambers* is cited here remains sound law. Similarly, while defendant argues that *Chambers* was disparaged in *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), nothing in *Testan* questions the proposition that clear congressional intent is required to eliminate a formerly existing right.

**3.** The CAFC also affirmed the Claims Court holding that it did not have jurisdiction over the plaintiff's claim that his dismissal violated Postal Service regulations and the CSRA. The CAFC noted that under the Postal Reorganization Act of 1970, Pub.L. No. 91–375, 84 Stat. 719 (1970), the Postal Service is not considered one of the "executive departments" within the meaning of 5 U.S.C. § 101 (1982). Furthermore, as a probationary employee, the plaintiff had no right under the CSRA to seek a review of his dismissal in the Claims Court. *Connolly,* 716 F.2d at 885–86.

parable money-mandating pay statute exists for Postal Service employees. *Connolly,* 716 F.2d at 887.

The CAFC also held that the First Amendment, standing alone, does not itself obligate the federal government to pay money in the absence of some other jurisdictional basis. *Id.* Therefore, given the absence of any pay statute entitling the employee to money, combined with the finding that the First Amendment does not itself create an entitlement to money the Court held that the Claims Court did not have jurisdiction under the Tucker Act to hear the case. However, the affirmation of *Jackson* and *Swaaley* suggests that where a plaintiff can rely on a federal pay statute, the alleged unconstitutional withholding of that pay can result in Claims Court jurisdiction under the Tucker Act where the plaintiff has no opportunity to seek review under the CSRA.

In the instant case, the plaintiff does have a pay statute upon which he can rely. Plaintiff derives his substantive right from the pay statute; 5 U.S.C. §§ 5331 *et seq.* This pay statute coupled with his claim that he was deprived of that substantive right in violation of his First Amendment right to free speech, gives the Claims Court jurisdiction under the Tucker Act.

## CONCLUSION

Based upon the foregoing analysis, this Court has jurisdiction over the plaintiff's claim. Therefore, defendant's motion to dismiss is denied.