**Daryl C. McCLARY, Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 85-1957.**

United States Court of Appeals, Federal Circuit.

Oct. 17, 1985.

Scott A. Koltun, Solerwitz & Leeds, Minelo, N.Y., argued, for appellant.

Terrence S. Hartman, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for appellee. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and M. Susan Burnett.

Before DAVIS, BENNETT, and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

McClary appeals from the judgment of the United States Claims Court dismissing his complaint for want of jurisdiction and for failure to state a claim. We affirm in part, reverse in part, and remand.

## BACKGROUND

The facts are succinctly set forth in the trial court's opinion:

As of January 1977, plaintiff was a GS–13, Senior Special Agent in the Blaine, Washington office of the Drug Enforcement Administration ("DEA"). Upon learning in 1978 that his position in Blaine was to be eliminated, plaintiff commenced searching for GS–13 Special Agent positions elsewhere. Because plaintiff's wife subsequently received a promotion in her private industry job necessitating a move to Denver, Colorado, plaintiff informed the DEA of his desire to be transferred to that area. After receiving assurances that something would be done to accommodate his needs, however, available GS–13 positions in Denver subsequently were filled by other special agents.

After his replacement was transferred to Blaine in November 1979, plaintiff was advised that to effect his transfer to Denver, he would be required to write a memorandum offering to accept a GS–12 position and volunteering to assume his own moving expenses. Plaintiff submitted the requested memoranda and was assigned to the Denver District Office of the DEA. Plaintiff avers, however, that other agents were granted preferential treatment by being permitted to transfer to the Denver office without taking downgrades.

Claiming that his reduction in grade was coerced and constituted a prohibited personnel practice, plaintiff filed, in March 1981, a request for an inquiry into DEA's actions with the Office of Special Counsel of the Merit Systems Protection Board [Board]. After the Special Counsel declined to take action, plaintiff filed this action in May 1983.

*McClary v. United States*, 7 Cl.Ct. 160, 161–62 (1984).

In his May 1983 suit in the Claims Court, McClary sought back pay for his reduction in grade and reimbursement for his moving expenses. With respect to the back pay claim, the Claims Court held that McClary could not use the Civil Service Reform Act of 1978 (CSRA) to invoke a substantive right for purposes of jurisdiction under the Tucker Act, 28 U.S.C. § 1491, because McClary had failed to exhaust his administrative remedies under the CSRA and that he did not have an implied private right of action under the CSRA to seek judicial review of his claim. With respect to the reimbursement claim under 5 U.S.C. § 5724, the Claims Court held that it did have Tucker Act jurisdiction but that McClary failed to state a claim upon which relief could be granted.

## OPINION

### I

In his brief McClary asserts that the Claims Court erred in dismissing his back pay claim on jurisdictional grounds because his complaint "clearly presents tort claims" and "amply pleads unconstitutionally unequal treatment."

His tort argument requires little discussion. To the extent he is actually asserting a claim sounding in tort, it is expressly beyond the jurisdiction of the Claims Court. The Tucker Act provides that the Claims Court "shall have jurisdiction ... in cases *not* sounding in tort." 28 U.S.C. § 1491(a)(1) (1982) (emphasis added).

In his other argument, McClary appears to suggest that he has an implied right to pursue his action in the Claims Court "because the MSPB had no jurisdiction" over his claim. He argues that his case is controlled by *Kennedy v. United States*, 5 Cl.Ct. 792 (1984), which held that where a federal employee claims he was unconstitutionally deprived of a statutorily created substantive right, and where no other review is available, the Claims Court would not abandon its jurisdiction. *Id.* at 794.

The government responds by arguing that he has no implied private right of action in the Claims Court even if he had no right to seek review of his claim pursuant to the CSRA. According to the government's argument, "[f]ailure by Congress to include some type of non-major personnel action within the remedial scheme of this comprehensive act reflects a Congressional intent that no judicial relief be available."

At the outset we emphasize that this is not a case where no other review is available. This case does not, and is not intended to, resolve the question whether a trial court may properly exercise jurisdiction in such a factual setting. *Compare Kennedy v. United States*, 5 Cl.Ct. 792 (1984), *and Beverlin v. Internal Revenue Service*, 574 F.Supp. 553 (W.D.Mo.1983), *with Fausto v. United States*, 7 Cl.Ct. 459 (1985). *See also Featheringill v. United States*, 217 Ct.Cl. 24, 32 (1978) (not relevant to jurisdic-

tional inquiry in Court of Claims [now Claims Court] that plaintiff might well have compelling constitutional claim within jurisdiction of federal *district* court).

In this case, other review was available pursuant to the CSRA. The record does not support McClary's contrary assertion that the Board's special counsel "declined to find any possible grounds for petition to the Board in this matter that would be within the Board's jurisdiction." The record reveals only that the special counsel simply "declined to take any action."

In his complaint, McClary alleged that "the coercive action of D.E.A. in demoting Plaintiff constituted a prohibited personnel practice." The trial court observed that "the CSRA provides for review of plaintiff's claim by the MSPB." *McClary v. United States*, 7 Cl.Ct. at 164. McClary has cited no case, nor any law, rule, or regulation, contrary to the trial court's observation. Moreover, we note that the CSRA expressly provides for review of reductions in grade. 5 U.S.C. § 7512 (1982). Consequently, we are not persuaded that recourse to the Board was precluded.

Where an employee is provided a means of redress under the CSRA, that is, an appeal to the Board, the employee does not have an independent cause of action in the Claims Court. *See generally Carter v. Kurzejeski*, 706 F.2d 835 (8th Cir.1983). Since McClary could have taken his claim to the Board, he did not have a right of action on that same claim in the Claims Court and that court properly held that it lacked jurisdiction.

At oral argument, McClary asserted that *Summers v. United States*, 648 F.2d 1324, 227 Ct.Cl. 353 (1981), supports his contention that the Claims Court has jurisdiction over his back pay claim. However, *Summers* cuts against McClary's position. The court regarded Summers' reassignment from a GS–12 to a GS–11 position as a reduction in rank, which it characterized as an adverse action. 648 F.2d at 1327. Summers had appealed to the predecessor of the MSPB and it was the decision of that body that the Court of Claims was review-

ing. *Id.* at 1326. Just as Summers took his reduction-in-grade case to the predecessor of the MSPB and then obtained judicial review of that administrative decision, McClary could have taken his reduction-in-grade case to the MSPB and obtained judicial review in this court.

**II**

With respect to the moving expense claim, McClary argues that the Claims Court erred in granting the motion to dismiss for failure to state a claim. The government argues that the court did not err in granting the motion, and alternatively argues that the Claims Court did not even have jurisdiction.

■ "There is, of course, a plain difference between the existence of jurisdiction in the tribunal and a petitioner's failure to state a claim on which relief can be granted." *Lackhouse v. MSPB*, 773 F.2d 313, 316 (Fed.Cir.1985). The court recognized that difference and properly rejected the argument that it had no jurisdiction. We agree that the moving expense statute* "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct.Cl. 599 (1967)). If a plaintiff asserts that his claim is founded on such a statute, "[t]o determine whether that claim is well founded," a court "must take jurisdiction, whether its ultimate resolution is to be in the affirmative or the negative." *Ralston Steel Corp. v. United States*, 340 F.2d 663, 667 (Ct.Cl.) (quoting *Montana-Dakota Utilities Co. v. Northwestern Public Service Co.*, 341 U.S. 246, 249, 71 S.Ct. 692, 694, 95 L.Ed. 912 (1951)), *cert. denied*, 381 U.S. 950, 85 S.Ct. 1803, 14 L.Ed.2d 723 (1965). Thus, McClary's claim founded on 5 U.S.C. § 5724 forms the basis for Tucker Act jurisdiction in the Claims Court.

■ However, the court used an incorrect legal standard in granting the motion to dismiss under Claims Court Rule 12(b)(4). The court granted the motion based on what it perceived as a pleading error; the court believed McClary failed to plead a condition precedent—agency authorization or approval. 7 Cl.Ct. at 165. Not only does the court's language seem to relate more to a different rule, Rule 9(c), it also seems to hearken back to an approach in which "pleading is a game of skill in which one misstep by counsel may be decisive to the outcome." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The Federal Rules of Civil Procedure, on which the Rules of the United States Claims Court are based, reject that approach. *Id.*

The proper standard is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. at 102. In considering a motion to dismiss for failure to state a claim, the court must "accept the facts alleged by plaintiff as true." *Featheringill v. United States*, 217 Ct.Cl. 24, 26 (1978).

The complaint alleges that any consent by McClary was vitiated through force and coercion by the agency. If appellant was in fact coerced, that may be the legal equivalent of authorization or approval by the agency of appellant's moving expenses. Perhaps, as the government contends, the proofs would fail to establish the degree of coercion and duress required to be legally sufficient under *Christie v. United States*, 518 F.2d 584, 587, 207 Ct.Cl. 333 (1975). Yet that is a matter for the trial court and not this court to address in the first instance. "However correct the conclusion below may be in the end, we cannot allow the shaving of principles for expedien-

---

* In pertinent part, 5 U.S.C. § 5724 provides: (a) Under such regulations as the President may prescribe and when the head of the agency concerned or his designee authorizes or approves, the agency shall pay from Government funds [certain travel and transportation expenses].

cy...." *Selva & Sons, Inc. v. Nina Footwear, Inc.,* 705 F.2d 1316, 1322 (Fed.Cir. 1983) (quoting *Davis v. Howard,* 561 F.2d 565, 572 (5th Cir.1977)).

Accordingly, the portion of judgment of the Claims Court dismissing for failure to state a claim is reversed, and the case is remanded to the Claims Court for further proceedings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.