829 F.2d 43
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John T. GONSALVES, Appellant,
v.
The UNITED STATES, Appellee.
 Appeal No. 87-1297
 United States Court of Appeals, Federal Circuit.
 Aug. 14, 1987.
 
 ASBCA
 AFFIRMED.
 Before BISSELL, Circuit Judge, MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.
 MILLER, Senior Circuit Judge.
 
 DECISION
 
 1
 The decision of the Armed Services Board of Contract Appeals (board), ASBCA No. 33169, dismissing appellant's complaint for lack of jurisdiction, is affirmed.
 
 OPINION
 
 2
 Mr. Gonsalves was the high bidder on two air compressors offered for sale by the Government as surplus property. Despite his high bid, he never received the merchandise because the Government inadvertently sold one of the compressors and permitted the other to deteriorate.* Mr. Gonsalves filed a claim for breach of contract, which was denied by a contracting officer.
 
 
 3
 On appeal, the board found that Mr. Gonsalves was a disappointed bidder, not a contractor, because he had never been awarded a contract, the period for acceptance of his bid having expired without issuance of a Notice of Award. Consequently, the appeal was dismissed for lack of jurisdiction in accordance with this court's decision in Coastal Corp. v. United States, 713 F.2d 728 (Fed. Cir. 1983).
 
 
 4
 Under the applicable standard of review, the facts alleged in appellant's complaint must be accepted as true, and it must be apparent as a matter of law that the board lacked jurisdiction to hear the appeal or that appellant failed to state a claim upon which relief could be granted. See McClary v. United States, 775 F.2d 280 (Fed. Cir. 1985).
 
 
 5
 We conclude that the facts alleged by appellant establish that his offer was never accepted by the Government, so that a contract for the sale of the compressors was never formed. Indeed, Mr. Gonsalves acknowledged that he repeatedly extended the period for acceptance of his bid without success. Moreover, he argued that contract formation had not occurred, thereby persuading the contracting officer to rescind the assessment of liquidated damages. Accordingly, we hold that the board correctly dismissed the appeal for lack of jurisdiction. Coastal Corp. v. United States, supra.
 
 
 6
 Appellant is not without recourse, however. Disappointed bidders can bring an action for monetary damages (viz., bid preparation costs) in the United States Claims Court or the United States district courts. 28 U.S.C. Secs. 1346, 1491 (1982); Keco Industries, Inc. v. United States, 192 Ct. Cl. 773, 428 F.2d 1233 (1970). Also, equitable relief is available in the district courts under the Administrative Procedure Act. 5 U.S.C. Sec. 702 (1982); see Scanwell Laboratories, Inc. v. Shaffer, 424 F.2d 859 (D.C. Cir. 1970); cf. United States v. John C. Grimberg Co., 702 F.2d 1362 (Fed. Cir. 1983).
 
 
 
 *
 This brief description does not begin to describe Mr. Gonsalves' plight, which began when he purchased (for $25) what was described as 'Containers, Shipping Drums' at an earlier surplus sale. Through the fault of the Government, some of the drums contained heat-seeking 'Sidewinder' missile heads, and the Government postponed award of the air compressors to Mr. Gonsalves until an investigation about the missile heads was completed. When the Government attempted to award the remaining, dilapidated compressor after the period for acceptance had expired, Mr. Gonsalves refused the award, and liquidated damages were assessed against him. (This assessment was later rescinded.) Assuming allegations in the record to be true, the Government also threatened Mr. Gonsalves with criminal prosecution and a fine of up to $20,000 under the Espionage Act, demanded that he pay $1,118,000 or return the missile heads, and threatened to bar him from participating in future surplus sales