Carlton S. **VILLIER**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. 296–85C.

United States Claims Court.

June 29, 1989.

---

Mark B. Cohn, Cleveland, Ohio, for plaintiff.

Allen D. Bruns, Washington, D.C., with whom was Acting Asst. Atty. Gen. Stuart Schiffer, for defendant.

## OPINION

RADER, Judge.

In this civilian pay case, plaintiff, a nurse anesthetist employed by the Veterans Administration (VA), seeks reinstatement to his former position, restoration to his classified service level, and back pay. In 1983, the VA dismissed plaintiff from employment without a hearing. Plaintiff claims that this dismissal without a hearing violated 38 U.S.C. § 4110. Defendant moves to dismiss under RUSCC 12 arguing that the United States Claims Court lacks subject matter jurisdiction over plaintiff's claim. Plaintiff opposes the motion.

This court must determine its jurisdiction over grievances of employees from the VA Department of Medicine and Surgery. This class of employees has another avenue of potential redress in the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95–454, 92 Stat. 1111 (codified, as amended, in various sections of 5 U.S.C. (1982 ed. and Supp. IV)). After oral argument, this court grants defendant's motion and dismisses plaintiff's complaint for lack of subject matter jurisdiction.

## FACTS

On June 15, 1980, the VA appointed plaintiff to the excepted service as a nurse anesthetist. Plaintiff was a "preference eligible" employee under 5 U.S.C. § 2108(1)(B) & (3)(B) (1982).[1] After more

---

1. The CSRA divides civil service employees into three main classifications: First, "Senior Executive Service" employees are those who occupy high-level positions in the Executive Department, but for whom appointment by the President and confirmation by the Senate is not required. 5 U.S.C. § 3132(a)(2) (1982). Second, "Competitive Service" employees are all other employees for whom nomination by the President and confirmation by the Senate is not required, and who are not specifically excepted from the Competitive Service by statute or regulation. Id. at § 2102. Third, "Excepted Service" personnel are the remainder—those who are in neither the Competitive Service nor the Senior Executive Service. Id. at § 2103. Within each of the three classifications, the Act accords preferential treatment to "preference eligibles," veterans, and their close relatives. Id. at § 2108(3). United States v. Fausto, 484 U.S. 439, 108 S.Ct. 668, 670 n. 1, 98 L.Ed.2d 830 (1988). These preference eligible employees have the right to appeal an agency's decision to the Merit Systems Protection Board and then to the United States Court of Appeals for the Federal Circuit. Employees outside this preference category do not receive "the protections of Chapter

than two years of work with the VA, plaintiff gained a non-probationary status under 38 U.S.C. § 4106 (amended 1979, Pub.L. 96–151).

The VA employed plaintiff full-time at the VA Medical Center in Cleveland, Ohio. Plaintiff was concurrently a full-time podiatry student. To accommodate his school schedule, the VA permitted plaintiff to work one 24–hour shift and one 16–hour shift per week.

On October 24, 1982, plaintiff, who had a history of altercations with other hospital staff members, disagreed with a surgeon over a medical decision. Plaintiff argued with the surgeon over the proper type of anesthetic for a particular patient. The surgeon ordered plaintiff to leave the operating room. Next day, plaintiff's supervisor changed his work schedule to five 8–hour shifts. Plaintiff thus could no longer work nights or weekends. This schedule change prevented plaintiff from working full-time while maintaining a full schedule of podiatry classes. Plaintiff's supervisor also informed plaintiff's wife that plaintiff was not to report to work.

Later, plaintiff's supervisor notified plaintiff's spouse that plaintiff must request a leave of absence. Consequently, plaintiff's wife drafted, signed, and submitted a request for leave of absence on behalf of her husband. Plaintiff did not learn of this action until two years later.

In April 1983, the VA informed plaintiff that he must receive psychiatric treatment before it would consider him for a return to work. Four psychiatrists examined plaintiff, three of whom were employed by the VA. The last examination declared plaintiff unfit to return to work. In July 1983, the VA informed plaintiff's wife that her husband must resign or face dismissal for psychiatric disability. She then drafted and signed a resignation notice on behalf of the plaintiff, in the presence of plaintiff's supervisor. Plaintiff again did not learn of this action until years later. Plaintiff's resignation became effective July 22, 1983.

Plaintiff filed this action on May 17, 1985, seeking reinstatement to his former job, reinstatement to classified service at the level which he would have attained absent termination, and back pay from the date of the schedule change. On December 15, 1988, defendant moved to dismiss the case, alleging that the Claims Court lacks subject matter jurisdiction.

The issue properly before this court is whether the Claims Court has subject matter jurisdiction to entertain plaintiff's claims for back pay and reinstatement. Plaintiff contends that the VA placed him on indefinite, unpaid leave of absence without the opportunity for a hearing. Further, plaintiff charges that the VA terminated him unfairly and without a hearing. Plaintiff alleges that 38 U.S.C. § 4110, which governs the personnel administration at the VA, provides for a hearing by a disciplinary board before suspension or termination.

Defendant contends that the CSRA entitled plaintiff to appeal his alleged involuntary suspension and involuntary termination to the Merit Systems Protection Board (MSPB or Board). Defendant maintains that Congress provided this alternative means of redress and deprived the Claims Court of jurisdiction over these disputes.

## DISCUSSION

As a non-probationary, preference-eligible civil service employee, plaintiff may appeal an adverse personnel determination in accordance with CSRA procedures. Under 5 U.S.C. § 7513(d), plaintiff may appeal the actions taken against him to the MSPB. The Board affords appellants a hearing and full rights to representation by qualified counsel. 5 U.S.C. § 7701(a)(1) and (2). The United States Court of Appeals for the Federal Circuit reviews final decisions by the Board. 5 U.S.C. § 7703(b)(1).

 This administrative review procedure provided by the CSRA is the exclusive

---

75—including judicial review—for personnel action covered by that chapter." *Fausto,* 108 S.Ct. at 673. Probationary employees who have not yet achieved permanent status, likewise do not have these appeal rights. *Id.* at 674.

remedy which Congress provided civil service employees. The Supreme Court clarified this rule and denied the Claims Court jurisdiction in *United States v. Fausto:*

> [U]nder the comprehensive and integrated review scheme of the CSRA, the Claims Court (and any other court relying on Tucker Act jurisdiction) is not an "appropriate authority" to review an agency's personnel determination.

*Fausto,* 108 S.Ct. 668, 676 (1988).

The Federal Circuit furthermore held:

> Where an employee is provided a means of redress under the CSRA, that is, an appeal to the Board, the employee does not have an independent cause of action in the Claims Court.... Since [plaintiff] could have taken his claim to the Board, he did not have a right of action on that same claim in the Claims Court and that court properly held that it lacked jurisdiction.

*McClary v. United States,* 775 F.2d 280, 282 (Fed.Cir.1985).[2] Thus the Claims Court lacks jurisdiction to adjudicate cases for which the CSRA provides an exclusive alternative remedy.

 The Claims Court has recognized this jurisdictional limit:

> Because the CSRA provides for review of plaintiff's claim by the MSPB and judicial review thereafter by the Court of Appeals for the Federal Circuit, review of plaintiff's claim in this court would be contrary to the comprehensive legislative scheme established by the CSRA and provide an unwarranted expansion of our jurisdiction. To permit federal employees to bypass the structure created by Congress would violate the intent of the CSRA and frustrate the ability of the established machinery to effectively and expeditiously address federal employee claims. Therefore, this court does not have jurisdiction to hear plaintiff's claim for back pay.

*McClary,* 7 Cl.Ct. 160, 164 (1984), *aff'd in part, rev'd in part on other grounds,* 775 F.2d 280 (Fed.Cir.1985).

In *Bivens v. United States,* 12 Cl.Ct. 727 (1987), an employee of the Department of the Navy sued "for wages and allowances lost during a period in which [plaintiff] was involuntarily placed upon leave without pay...." *Id.* The Claims Court held:

> Since the MSPB has jurisdiction over the plaintiff's claim, it follows that the Claims Court does not.... The plaintiff must utilize the avenue of redress available under the Civil Service Reform Act of 1978.

*Bivens,* 12 Cl.Ct. at 731–32.

The Claims Court has further interpreted *McClary* to mean that the MSPB has "*exclusive* and *continuing* jurisdiction over all matters relating to a complainant's ... termination, subsequent reinstatement, and back pay award." *Shelleman v. United States,* 9 Cl.Ct. 452, 457 (1986) (emphasis in original).[3] *Shelleman* additionally stated:

> [T]he *McClary* case stands for the proposition that any residual Tucker Act jurisdiction relating to federal personnel actions should be analyzed according to the *exclusive* jurisdiction prescribed in the CSRA relative to the MSPB. If a plaintiff has a right of action at the MSPB, that right consequently forecloses the plaintiff's right to bring a cause of action in the Claims Court. Such foreclosure obtains whether such right was pursued at the MSPB or not.

*Shelleman,* 9 Cl.Ct. at 458 (emphasis in original).

Under the standards enunciated in *McClary* and amplified in subsequent cases, this court lacks jurisdiction over plaintiff's claims. Plaintiff, however, has a right of action at the MSPB, (one which up to now he has not made any attempts to pursue).

---

**2.** McClary, a senior special agent with the Drug Enforcement Administration sought to recover back pay and moving expenses due to a reduction-in-grade and subsequent transfer.

**3.** Plaintiffs in *Shelleman* were air traffic controllers who were terminated for their purported participation in the air traffic controllers strike in 1981. They sought to recover back pay in the Claims Court, but their claims were dismissed because they were within the exclusive jurisdiction of the MSPB, thus precluding any exercise of jurisdiction by this court.

■ Plaintiff attempts to distinguish his case on the facts and establish jurisdiction. Plaintiff contends that he had a right to a hearing before termination and had no notice of the actions taken by his wife for two years. Plaintiff also argues that the Claims Court is his only remedy for unfair treatment. Plaintiff seeks to distinguish his case from the *McClary* doctrine on the basis that his case is one where no other review is available. *See McClary*, 775 F.2d at 282. However, as plaintiff has not yet appealed to the MSPB, he continues to have remedy under the CSRA.

In terms of unique facts, plaintiff's counsel stated that his client had effectively been denied rights by his employer and that if the court were to dismiss this action for lack of jurisdiction, it would be approving the actions taken by plaintiff's employers. These arguments may be appropriately presented to the MSPB. The time for filing petitions for appeal to the MSPB has passed.[4] Plaintiff therefore will need to make a showing of good cause for the untimely filing, along with a motion for waiver of the time limit. 5 CFR Ch. II § 1201.22(C)(1) and (2). The Federal Circuit has applied the standard for untimely filings leniently. *Shiflett v. United States Postal Service*, 839 F.2d 669 (Fed.Cir.1988) (the Federal Circuit allowed plaintiff to appeal to the MSPB even after 8 years had passed since her dismissal because the agency's failure to notify her of her appeal rights was good cause for the late filing); *Yuni v. MSPB*, 784 F.2d 381, 384 (Fed.Cir. 1986) (any doubt as to whether good cause has been shown should be resolved in favor of the appellant and a reasonable excuse should be accepted by the presiding official about proof of substantial prejudice to agency). *See also Schultz v. United States Navy*, 810 F.2d 1133 (Fed.Cir.1987); *Burgess v. MSPB*, 758 F.2d 641 (Fed.Cir. 1985); *Scharf v. Department of the Air Force*, 710 F.2d 1572 (Fed.Cir.1983); *Ceja v. United States*, 710 F.2d 812 (Fed.Cir. 1983); *Alonzo v. Department of the Air Force*, 4 MSPB 262, 4 M.S.P.R. 180 (1980).

Congress has designated the Federal Circuit to receive appeals from the MSPB. The Claims Court has no part in the statutory system of redress available to plaintiff.

Plaintiff argues that this court's predecessor would not require a litigant to undertake obviously useless motions to preserve his rights. *Walsh v. United States*, 151 Ct.Cl. 507 (1960). Opportunities for appeal to the MSPB are not obviously useless motions, but appropriate legal remedies. Plaintiff may appeal to the MSPB with a showing of good cause to gain waiver of the applicable time limits. Furthermore, an adverse decision on the merits of plaintiff's claim in that forum would still leave him with a right to appeal to the Federal Circuit.

### CONCLUSION

Plaintiff has a means of redress open to him under 5 U.S.C. § 7513(d), § 7701, and 5 CFR Ch. II § 1201.22–119. The Claims Court does not have jurisdiction to adjudicate his claims.

The court grants defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction. No costs.

IT IS SO ORDERED.

---

4. 5 CFR Ch. 11 § 1201.22(b) designates that the petition to appeal must be filed not later than 20 days after the effective date of the action being appealed.