954 F.2d 734
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Morris L. SHALLER, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5098.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1992.
 
 Before RICH, PAULINE NEWMAN and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Morris L. Shaller appeals from the April 23, 1991 Order of the United States Claims Court, No. 91-1088C, dismissing his complaint for lack of jurisdiction. We affirm on the basis of said Order, attached as an Appendix.
 
 APPENDIX
 In the United States Claims Court
 No. 91-1088C
 
 2
 (Filed April 23, 1991)
 
 
 3
 MORRIS L. SHALLER, Pro Se, Plaintiff,
 
 
 4
 v.
 
 
 5
 THE UNITED STATES, Defendant.
 
 ORDER
 
 6
 This case is before the court on plaintiff's pro se complaint filed on April 16, 1991 under RUSCC 27.
 
 
 7
 Plaintiff seeks damages for injuries, namely, "headaches, dizziness, and eyestrain" which he allegedly sustained while a civil service employee in the United States Army. The court's jurisdiction is statutorily conferred by the Tucker Act, 28 U.S.C. § 1491. In pertinent part, § 1491 states:
 
 
 8
 The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.
 
 
 9
 Plaintiff's claim for physical injury sustained at his workplace sounds in tort, and, therefore, the court lacks jurisdiction over this portion of plaintiff's complaint. In addition, any claim for worker's compensation is outside the province of this court's jurisdiction. Rogers v. United States, 15 Cl.Ct. 692, 698 (1988).
 
 
 10
 Plaintiff also seeks reinstatement to his former position with the United States Army. Since plaintiff appeals from an allegedly wrongful discharge, his claim is governed by the Civil Service Reform Act of 1978, 5 U.S.C. § 7101, and is reviewable, if at all, by the Merit Systems Protection Board. 5 U.S.C. §§ 7512-13, 7701. Fausto v. United States, 484 U.S. 439 (1988). This court lacks jurisdiction to entertain an action appealable to the Merit Systems Protection Board. McClary v. United States, 775 F.2d 280 (Fed.Cir.1985).
 
 Conclusion
 
 11
 For the foregoing reasons, the court lacks jurisdiction to entertain plaintiff's complaint. The Clerk is, therefore, directed to dismiss the complaint. No costs.
 
 
 12
 IT IS SO ORDERED.
 
 
 13
 /s/BOHDAN A. FUTEY
 
 
 14
 /s/Judge