NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JOHN L. CORRIGAN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2017-1471

_____

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00432-MCW, Judge Mary Ellen Coster Williams.

_____

Decided: June 13, 2017

_____

JOHN L. CORRIGAN, Belfair, WA, pro se.

WILLIAM JAMES GRIMALDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; SCOTT E. SCHWARTZ, Office of General Counsel, National Credit Union Administration, Alexandria, VA.

_____

Before NEWMAN, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

John L. Corrigan appeals an order of the United States Court of Federal Claims (Claims Court) dismissing his complaint for failure to state a claim. We affirm.

## BACKGROUND

From 1999 to February 2016, Corrigan was employed by the National Credit Union Administration (NCUA)—an independent agency in the executive branch of the federal government.[1] Sometime in 2015, Corrigan moved from his assigned duty station in Seattle, WA to Belfair, WA. NCUA did not change Corrigan's duty station to Belfair after his move. Corrigan alleges that "NCUA is falsifying examiners' duty stations in direct conflict with government-wide regulations relating to duty stations." Appellant's J.A. 7. He also alleges that, because NCUA did not change his duty station to Belfair, he incurred "food and lodging per diem" expenses "that NCUA would not reimburse." *Id.* at 8. In addition, Corrigan alleges that, during an unspecified three-year period, NCUA improperly deducted "commute time" from "legitimate

---

[1]    The facts recited herein are taken from Corrigan's complaint, unless otherwise noted. *See McClary v. United States*, 775 F.2d 280, 283 (Fed. Cir. 1985) ("In considering a motion to dismiss for failure to state a claim, the court must accept the facts alleged by plaintiff as true." (internal quotation marks omitted)). Because Corrigan is proceeding *pro se*, we liberally construe his pleading in search of a well-pleaded cause of action. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that "allegations of the pro se complaint" are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers").

travel time" in contravention of the Federal Travel Regulations (FTR), 41 C.F.R. § 300 *et seq*. *Id*.

Corrigan filed suit on March 31, 2016, seeking reimbursement of "all legitimate travel expenses relating to work performed in Seattle in November and December 2015" and "three-years of travel time improperly deducted from official duty travel time as 'commute time.'" *Id*. His complaint seeks relief pursuant to 5 U.S.C. §§ 5701–10, the FTR, and 5 U.S.C. § 6101. Sections 5701–10 and the FTR prescribe rules and procedures for reimbursing federal employees for travel-related expenses. Section 6101 states: "To the maximum extent practicable, the head of an agency shall schedule the time to be spent by an employee in a travel status away from his official duty station within the regularly scheduled workweek of the employee."[2]

On July 20, 2016, the government filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). The government argued that the Claims Court lacked jurisdiction because Corrigan's claims were governed by exclusive grievance procedures in the collective bargaining agreement (CBA) entered into by NCUA and its employees' union. Corrigan responded to the government's motion by stating that his claims were "based on his money claim under the Federal Travel Regulations" and that the FTR was a money-mandating basis for suit under *Mudge v. United States*. Appellant's J.A. 10–11. In *Mudge*, we held: "Congress's addition of the word 'administrative' to § 7121(a) [of the Civil Service Reform Act] established a federal employee's right to seek

---

[2]    An employee's official duty station is the "area defined by the agency that includes the location where the employee regularly performs his or her duties . . . ." 41 C.F.R. § 300-3.1.

a judicial remedy for employment grievances subject to the negotiated procedures contained in his or her CBA." 308 F.3d 1220, 1227 (Fed. Cir. 2002). The government replied by, *inter alia*, moving to dismiss Corrigan's complaint under RCFC 12(b)(6) for failure to state a claim, arguing that its new motion was proper in light of Corrigan's "alternate interpretation of his claims" as arising under the FTR and not "challeng[ing] the terms of the CBA." Appellee's J.A. 41 n.1. In light of the new Rule 12(b)(6) motion, the government stated in its reply that, "[t]o the extent that Mr. Corrigan requests a surreply to reply in support of his argument, we w[ould] not object." *Id.* Corrigan did not file a surreply.

The Claims Court denied the government's Rule 12(b)(1) motion, finding that Corrigan's claims did not challenge the terms of the CBA but, rather, sought "travel expenses authorized by the FTR but improperly denied by the agency." Appellant's J.A. 15. The Claims Court held that, "[b]ecause the FTR is money-mandating, jurisdiction in this Court is proper." *Id.* (citing *Bailey v. United States*, 52 Fed. Cl. 105, 109 (2002) ("The FTR, which provides that federal employees who are performing official travel are eligible to be reimbursed for transportation expenses[,] is a money-mandating provision of law." (internal citations omitted))). Although the Claims Court determined that it had jurisdiction, it nevertheless granted the government's Rule 12(b)(6) motion for failure to state a claim because "Plaintiff has not pointed to any provision of the FTR or other legal authority that authorizes the reimbursement of expenses for travel between his residence and his official duty station. Nor has Plaintiff invoked any legal authority that entitles him to reimbursement for commuting." Appellant's J.A. 16.

On appeal, Corrigan argues that the Claims Court erred in granting the government's Rule 12(b)(6) motion because, *inter alia*, (1) the motion was "surreptitiously placed" in the government's reply brief, (2) the Claims

Court "used extrinsic evidence" to rule on the motion, and (3) Corrigan's complaint states a plausible claim upon which relief could be granted. Open. Br. at 6, 12, 15–17. The government responds that (1) its Rule 12(b)(6) motion was properly presented in its reply brief because "the grounds for dismissal pursuant to RCFC 12(b)(6) only became apparent after [Corrigan's] clarification of his two-page complaint," (2) the alleged extrinsic evidence relied on by the Claims Court comprises public documents that are subject to judicial notice, and (3) the Claims Court did not err in holding that Corrigan's complaint failed to state a plausible claim. Resp. Br. at 33–45, 49. The government also argues that the Claims Court erred in deciding that it had jurisdiction over Corrigan's claims.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The Tucker Act gives the Claims Court jurisdiction over claims against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort" and waives the government's sovereign immunity for such claims. 28 U.S.C. § 1491. "[T]he Tucker Act does not create any substantive right enforceable against the United States for money damages, but merely confers jurisdiction when such a right is conferred elsewhere." *Adair v. United States*, 497 F.3d 1244, 1250 (Fed. Cir. 2007) (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). "When the source of such alleged right is a statute, it can only support jurisdiction if it qualifies, as most statutes do not, as money-mandating." *Adair*, 497 F.3d at 1250.

The Supreme Court held in *United States v. Mitchell*, that a statute is money-mandating only if it "'can fairly be

interpreted as mandating compensation by the Federal Government for the damage sustained.'" 463 U.S. 206, 212 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). In *Mitchell*, the Supreme Court held that a money-mandating source of substantive law may be implicit, stating that a plaintiff need only show that "the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." 463 U.S. at 216–17 (internal quotation marks, citation, and footnote omitted). The Supreme Court later clarified the "fairly be interpreted" standard from *Mitchell* in *White Mountain*:

> This fair interpretation rule demands a showing demonstrably lower than the standard for the initial waiver of sovereign immunity. . . . It is enough, then, that a statute creating a Tucker Act right be reasonably amenable to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be lightly inferred, . . . a fair inference will do.

537 U.S. at 472–73 (internal quotation marks and citations omitted).

In *Adair*, we distinguished between when a claim should be dismissed for lack of jurisdiction, when the substantive statute invoked is not money-mandating, and when it should be dismissed for failure to state a claim:

> If a trial court concludes that the particular statute simply is not money-mandating, then the court shall dismiss the claim for lack of subject matter jurisdiction under Rule 12(b)(1). . . . If, however, the court concludes that the facts as pled do not fit within the scope of a statute that is money-mandating, the court shall dismiss the claim on the merits under Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

*Adair*, 497 F.3d at 1251 (citations omitted).

The Claims Court determined that the FTR is money-mandating and serves as a basis for jurisdiction in this case. We agree. In particular, one of the statutory sections cited in Corrigan's complaint, 5 U.S.C. § 5702, states that federal employees are "entitled" to receive either a "per diem allowance" or "reimbursement" for "actual and necessary expenses of official travel" or a combination of the two, subject to regulations prescribed in the FTR. 5 U.S.C. § 5702(a)(1). These statutory and regulatory provisions "can fairly be interpreted as mandating compensation by the Federal Government." *Testan*, 424 U.S. at 400 (internal quotation marks omitted). Thus, Corrigan's claims founded on 5 U.S.C. § 5702 form a basis for Tucker Act jurisdiction in the Claims Court. *See McClary*, 775 F.2d at 283 (holding that 5 U.S.C. § 5724, which mandates payment of certain travel and transportation moving expenses, is money-mandating).

The Claims Court held that Corrigan's complaint failed to state a claim upon which relief could be granted because "the FTR does not require or authorize reimbursement of per diem costs for travel between an employee's official duty station and his residence, or for commuting time." Appellant's J.A. 15 (citing 41 C.F.R. § 300-3.1 (authorizing reimbursement only for travel between an official duty station "or other authorized point of departure" and a "temporary duty location, between two temporary duty locations, or relocation at the direction of a Federal agency")). The Claims Court observed that Corrigan seeks reimbursement of expenses related to commuting between his residence in Belfair and his official duty station in Seattle, not expenses incurred for official travel. Appellant's J.A. 15–16. While Corrigan asserts that a genuine issue of material fact exists regarding the location of his official duty station, his complaint states that his official duty station is Seattle. We agree with the Claims Court that Corrigan seeks reimburse-

ment for commuting expenses that may not be reimbursed under the statutes and regulations cited in his complaint.   Because Corrigan's claims fail to state a plausible claim for relief, the Claims Court did not err in dismissing Corrigan's complaint.[3]

We have considered all of Corrigan's other arguments and find them to be unpersuasive.

### CONCLUSION

For the foregoing reasons, we *affirm* the decision of the Claims Court.

### AFFIRMED

### COSTS

No Costs.

---

[3]    The Claims Court did not err by referencing agency opinions or regulations in its opinion—the so-called "extrinsic evidence" complained of by Corrigan.   In addition, we agree with the government that the Claims Court had authority to dismiss the complaint even though the government's Rule 12(b)(6) motion first appeared in its reply brief, given that Corrigan had an opportunity to respond by filing a surreply before the Claims Court decided the motion. *See, e.g., Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006) ("The trial court may dismiss *sua sponte* under Rule 12(b)(6), provided that the pleadings sufficiently evince a basis for that action.").