Said MOBIN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 90–138C.

United States Claims Court.

Jan. 23, 1991.

Joseph M. Kadans, Las Vegas, Nev., for plaintiff.

Margaret L. Baskette, with whom were Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen, Director, and Stephen J. McHale, Asst. Director, Washington, D.C., for defendant. Joseph J. Traficanti, Dept. of Air Force, of counsel.

## OPINION

ANDEWELT, Judge.

In this civilian pay action, plaintiff, Said Mobin, a dismissed federal employee, seeks restoration of his federal position plus attendant back pay. This action is presently before the court on defendant's RUSCC 12(b)(1) motion to dismiss the complaint for lack of jurisdiction. For the reasons set forth below, defendant's motion is granted.

## I.

In November 1987, the United States Department of the Air Force (Air Force) dismissed plaintiff from his position as a civilian supervisory electrical engineer on the ground of unsatisfactory performance. Plaintiff appealed his dismissal to the Merit Systems Protection Board (MSPB) and alleged that his dismissal was improper and the product of (1) national origin discrimination, (2) religious discrimination, (3) reprisal for whistleblowing, and (4) harmful procedural error. The administrative law judge upheld plaintiff's dismissal. Plaintiff then sought review of the MSPB administrative law judge's initial decision. In an August 9, 1988, order, the MSPB denied plaintiff's petition for review.

Thereafter, on September 7, 1988, plaintiff appealed the MSPB's decision to the Equal Employment Opportunity Commission (EEOC). The EEOC concurred with the MSPB and held that plaintiff had failed to establish that the Air Force had based plaintiff's dismissal on discrimination. In addition, the EEOC notified plaintiff that he had no further right to administrative appeal within the EEOC but could file a civil discrimination suit in district court. On January 13, 1989, plaintiff filed such a suit in the United States District Court for the District of Nevada. In a December 18, 1989, order, the district court dismissed plaintiff's complaint due to a service defect. On January 19, 1990, plaintiff filed a motion to extend the time within which he could appeal the order of dismissal, but the court denied it as untimely filed.

On February 12, 1990, plaintiff filed the instant complaint seeking restoration of his federal position plus attendant back pay and a correction of related government records. Defendant responded with its motion to dismiss for lack of subject matter jurisdiction.

In response to defendant's motion to dismiss, plaintiff alleges a number of distinct sources of Claims Court jurisdiction for this action, including: (1) the Tucker Act, 28 U.S.C. § 1491(a); (2) the Back Pay Act, 5 U.S.C. § 5596; (3) the Whistleblower Protection Act of 1989, Pub.L. No. 101–12, 103

Stat. 16 (1989); (4) the "Fair Labor Relations Act," (5) the Administrative Procedures Act, 5 U.S.C. § 706(2)(A); (6) Chapter 43 of the Civil Service Reform Act, 5 U.S.C. § 4304; and (7) the fifth amendment to the Constitution (due process and takings clauses). Upon review, however, none of these sources provides this court with jurisdiction over plaintiff's cause of action.

## II.

Plaintiff's effort to secure review in this court of his dismissal runs afoul of Congress's intent in adopting the Civil Service Reform Act of 1978 (CSRA), as interpreted by the Supreme Court in *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). Prior to the adoption of the CSRA, a federal employee could challenge certain types of federal personnel decisions in the Court of Claims pursuant to the Tucker Act, 28 U.S.C. § 1491. *Id.* at 444–45, 108 S.Ct. at 671–72. In *Fausto*, the Supreme Court reviewed the effect of the CSRA on such Tucker Act jurisdiction. The Court concluded that in adopting the CSRA, Congress sought to replace the pre-existing patchwork system for administrative and judicial review of agency personnel decisions with an "integrated scheme ... designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *Id.* at 445, 108 S.Ct. at 672. The Court described Congress's scheme as follows:

> [This scheme is based on] the primacy of the MSPB for administrative resolution of disputes over adverse personnel action ... and the primacy of the United States Court of Appeals for the Federal Circuit for judicial review.... This enables the development, through the MSPB, of a unitary and consistent Executive Branch position on matters involving personnel action, avoids an "unnecessary layer of judicial review" in lower federal courts, and "[e]ncourages more consistent judicial decisions...." S.Rep. No. 95–969 at 52. *See Lindahl v. OPM*, 470 U.S. [768,]

797–98 [105 S.Ct. 1620, 1636–37, 84 L.Ed.2d 674] [1985].

*Id.* at 449, 108 S.Ct. at 674.

The sole pertinent exception to direct review of MSPB decisions in the Court of Appeals for the Federal Circuit (CAFC) relates to decisions on claims of discrimination. Pursuant to 5 U.S.C. § 7703(b)(2), judicial review of federal employee allegations of improper actions based on discrimination due to religion or national origin "shall be filed under Section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e)–16(c))." But the district court, and not the Claims Court, is the proper forum for such judicial review. *Brown v. GSA*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976) (the administrative and judicial (district court) scheme created in Title VII of the Civil Rights Act of 1964 provides the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination," *id.* at 829, 96 S.Ct. at 1966). In any event, Section 7703(b)(2) provides that any suit seeking judicial review of a discrimination claim reviewable by the MSPB must be filed within 30 days after receipt of notice of the judicially reviewable action (here, 30 days after the EEOC action). Plaintiff filed the instant case nearly one and one half years after the EEOC's ruling.

## III.

None of the statutory and constitutional authorities relied upon by plaintiff provides this court subject matter jurisdiction to entertain the instant action.

### 1. *The Tucker Act*

The Tucker Act, 28 U.S.C. § 1491, itself, does not create any substantive right to recover money from the government in a suit in the Claims Court. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Rather, it merely permits the Claims Court to hear suits based on a substantive right created in another statute, a regulation, or a contract. *Id.* Therefore, for this court to possess subject matter jurisdiction here, the basis for jurisdiction must be a regulation, con-

tract, or a statute distinct from the Tucker Act.

### 2. The Back Pay Act

█ In *Fausto*, the Supreme Court specifically rejected the argument that the Back Pay Act creates Claims Court jurisdiction to review agency personnel decisions which, if reversed, would result in the agency being obliged to offer back pay. The Back Pay Act provides that an employee is entitled to back pay if the employee is found "by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action." 5 U.S.C. § 5596(b)(1). In *Fausto*, the Court concluded that, at least subsequent to enactment of the CSRA, the agency itself, the MSPB, or the CAFC may constitute such an "appropriate authority," but that the Claims Court does not. 484 U.S. at 454, 108 S.Ct. at 676. ("[U]nder the comprehensive and integrated review scheme of the CSRA, the Claims Court (and any other court relying on Tucker Act jurisdiction) is not an 'appropriate authority' to review an agency's personnel determination." *Id.*)

### 3. The Whistleblower Act of 1989

█ The Whistleblower Act of 1989, Pub.L. No. 101–12, 103 Stat. 16 (1989), became effective on July 9, 1989. By its terms, it left existing orders of the MSPB in place and was not intended to apply to pending actions.[1]

### 4. The Federal Labor–Management Relations Act

█ In his complaint, plaintiff alleges jurisdiction under the "Fair Labor Relations Act." Plaintiff does not provide a citation to that act or provide any information as to how it applies. In fact, there is no statute entitled the "Fair Labor Relations Act." Plaintiff apparently is referring to the Federal Labor–Management Relations Act (FLMRA), 5 U.S.C. § 7101 *et seq.* However, plaintiff was a supervisory electrical engineer and the FLMRA does not apply to supervisors. 5 U.S.C. § 7103(a)(2) ("'employee' ... does not include ... (iii) a supervisor or management official"). Moreover, like the CSRA, the FLMRA provides a comprehensive administrative and judicial review scheme that does not envision jurisdiction in the Claims Court. *See Columbia Power Trades Council v. United States Department of Energy,* 671 F.2d 325, 327 (9th Cir.1982).

### 5. The Administrative Procedures Act (APA)

█ Plaintiff contends that the APA is a proper basis for this court's jurisdiction to review decisions by an executive agency such as the Air Force's decision to dismiss plaintiff. But in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court held that the APA does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action. As noted in *McGrath v. United States,* 207 Ct.Cl. 978, 521 F.2d 1406 (1975), "[t]he [APA] is not a jurisdictional statute but merely outlines

---

1. Section 7 of Pub.L. 101–12, 103 Stat. 34, as reported in 5 U.S.C. § 1201, provided:

    (a) **Orders, rules, and regulations.**—All orders, rules, and regulations issued by the [MSPB] or the Special Counsel before the effective date of this Act [90 days following Apr. 10, 1989, see Effective Date of 1989 Amendment note set out under this section] shall continue in effect, according to their terms, until modified, terminated, superseded, or repealed.

    (b) **Administrative proceedings.**—No provision of this Act [Pub.L. 101–12, see Short Title of 1989 Amendment note set out under this section] shall affect any administrative proceeding pending at the time such provi-

    sions take effect. Orders shall be issued in such proceedings, and appeals shall be taken therefrom, as if this Act had not been enacted.

    (c) **Suits and other proceedings.**—No suit, action, or other proceeding lawfully commenced by or against the members of the [MSPB], the Special Counsel, or officers or employees thereof, in their official capacity or in relation to the discharge of their official duties, as in effect immediately before the effective date of this Act, shall abate by reason of the enactment of this Act. Determinations with respect to any such suit, action, or other proceeding shall be made as if this Act had not been enacted.

procedures for judicial review of administrative action."

### 6. *Chapter 43 of the CSRA*

 Section 4303 of the CSRA requires a 90–day warning period prior to the removal of an employee for unsatisfactory performance. Plaintiff alleges a breach of that duty. However, as described above, the CSRA envisions appeals of adverse personnel decisions through the MSPB to the CAFC or, in discrimination cases, to the district court. As summarized in *McClary v. United States*, 775 F.2d 280, 282 (Fed. Cir.1985), "[w]here an employee is provided a means of redress under the CSRA, that is, an appeal to the [MSPB], the employee does not have an independent cause of action in the Claims Court."

### 7. *The Fifth Amendment (Due Process and Takings Clauses)*

 Plaintiff alleges violations of his fifth amendment guarantee to due process and the prohibition against uncompensated takings for public use. But "[t]his court ... has no jurisdiction over claims based upon the due process ... guarantees of the Fifth Amendment since these provisions do not obligate the federal government to pay money damages." *J & L Janitorial Services, Inc. v. United States*, 231 Ct.Cl. 837, 838 (1982). Plaintiff's fifth amendment takings claim, in effect, is that his job was illegally taken for public use without just compensation. But plaintiff cannot use the fifth amendment's prohibition against uncompensated takings to escape the statutory restrictions on judicial review contained in the CSRA. Plaintiff's property interest in continued federal employment is defined by the applicable statutes and regulations, not by any contract. *Kizas v. Webster*, 707 F.2d 524, 535–40 (D.C.Cir.1983), *cert. denied*, 464 U.S. 1042, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984). *See also Arnett v. Kennedy*, 416 U.S. 134, 151–52, 94 S.Ct. 1633, 1642–43, 40 L.Ed.2d 15 (1974). The applicable statutes and regulations permitted the Air Force to remove plaintiff from his position for cause. 5 U.S.C. § 7512. Plaintiff's removal, therefore, did not involve a taking of property

interest for public use, but rather merely involved an implementation of the very statutes and procedures that defined the scope of plaintiff's property interest in the first place. To the extent that plaintiff disputes the finding that "cause" existed for his removal, plaintiff is merely seeking review of the agency decision and must, consistent with *Fausto*, resort to procedures specified in the CSRA for review of MSPB decisions.

### *Conclusion*

For the reasons set forth above, this court lacks jurisdiction and plaintiff's cause of action must be dismissed. Therefore, defendant's motion to dismiss is granted and the Clerk of the Court shall dismiss the complaint. No costs.

IT IS SO ORDERED.