**UNION BANK AND TRUST COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 92–131 C.

United States Court of Federal Claims.

Dec. 18, 1992.

John M. Guthery, Lincoln, NE, for plaintiff.

John P. Sholar, U.S. Dept. of Justice, Washington, DC, for defendant.

## OPINION

HODGES, Judge.

Plaintiff Union Bank files suit in this court after having been denied judgment in three prior administrative actions. The Bank seeks judicial review under the Administrative Procedure Act and alleges a breach of contract under the Tucker Act. We grant defendant's cross-motion for summary judgment.

## FACTS

Richard and Shirley Kempkes obtained a guaranteed loan of $175,000 from the Farmers Home Administration through plaintiff Union Bank and Trust Company (Union Bank) in 1985. The guarantee was conditioned upon plaintiff's complying with certain requirements expressed in the Conditional Contract of Guarantee (Conditional Commitment). The Conditional Commitment provided that Farmers Home Administration would guarantee the loan for up to 75% of the loan amount if Union Bank agreed to certain conditions. Included in these conditions were the requirements that Union Bank:

1. release all existing financing statements and file new financing statements and security agreements covering all machinery, equipment, and livestock for the guaranteed loan;

2. collect 50% of the payments on the guaranteed loan from milk assignments; and

3. collect the payments due on the FmHA–Guaranteed Loan prior to collecting any payment on any unguaranteed loans of the applicant. (Item 8).

The loan was guaranteed according to the Conditional Commitment on July 23, 1985.

The following year, the Kempkes entered into a contract to participate in the Dairy Termination Program of the Agricultural Stabilization and Conservation Service. This program required the Kempkes to sell their dairy cows for slaughter and to discontinue all dairy operations for a period of five years, in exchange for a total payment

of $105,284.56. The Kempkes received $36,655.28 from the sale of their dairy herd.

The Kempkes paid the money they received to Union Bank. Union Bank applied the $36,655 to the guaranteed loan, but applied the $105,284 to other loans.

The Kempkes filed for bankruptcy on October 15, 1987. Following the confirmation of a chapter 12 reorganization plan in November 1989, Union Bank filed a loss claim with defendant seeking payment for 75% of its loss on the guaranteed loan, or $99,014. This loss claim was denied by the FmHA county supervisor, and his decision was affirmed by the area supervisor and by the acting director of the National Appeals Staff.

The acting director determined that Union Bank violated Item 8 of the Conditional Commitment by applying the Dairy Termination Program payments to unguaranteed loans. He also found that plaintiff violated 7 C.F.R. § 1980.108 by failing to maintain adequate security for the guaranteed loan.

Plaintiff argues that the decision by the Farmers Home is arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and unwarranted by the facts.

### JURISDICTION

Plaintiff relies on the Tucker Act and the Administrative Procedure Act (APA) to establish a jurisdictional basis. It seeks review under sections 701–706 of the Administrative Procedure Act. 5 U.S.C. §§ 551–559, 701–706 (1982). This statute provides for judicial review of an agency decision that is arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, or unwarranted by the facts.

■ The Administrative Procedure Act does not establish jurisdiction in this court over claims for money. *Berry v. United States*, 27 Fed.Cl. 96, 102–103 (Cl.Ct.1992). No cases are cited for the proposition that we review the agency interpretation of this contract using APA standards. While the Administrative Procedure Act does not provide a jurisdictional basis for this claim,

plaintiff may bring a breach of contract claim under the Tucker Act. *See, e.g., Colorado State Bank v. United States*, 18 Cl.Ct. 611 (1989), *aff'd*, 904 F.2d 45 (Fed. Cir.1990) (Table).

### DISCUSSION

The facts are not in dispute. Defendant has a first lien priority on the Kempkes' dairy cattle. The Kempkes sold the herd for slaughter rather than as dairy cattle, and agreed not to engage in dairy business for five years pursuant to the Dairy Termination Program. Union Bank has a lien on the Kempkes' contract rights.

■ The issue of state law is whether payments from the Government under the Dairy Termination Program were proceeds, or contract rights. If they were proceeds, defendant is entitled to the money as first lienholder. If they were contract rights, plaintiff had a first lien on that collateral. Plaintiff notes that the Eighth Circuit Court of Appeals has ruled dairy termination payments to be contract rights rather than proceeds. *Bank of North Arkansas v. Owens*, 884 F.2d 330 (8th Cir.1989). However, we do not address this Uniform Commercial Code issue of state law. This is a contract case which we decide on the agreements of the parties:

1. February 7, 1985 Loan Agreement. Collateral: Guaranteed loan to be secured with 1st lien on dairy livestock and all farm machinery & equipment, Union Bank loan to be secured with a 2 lien on dairy livestock and farm machinery & equipment. . . .

2. April 16, 1985 Conditional Commitment for Guarantee.
   Item 8. The Bank will collect the payments due on the FmHA–Guaranteed Loan prior to collecting *any payment on any unguaranteed loans* that [Bank] may have. (Emphasis supplied.)

Proceeds from the sale of the dairy herd were applied to the guaranteed note as agreed. This may have met the letter of the loan agreement in that the proceeds from the sale of cattle for slaughter were

delivered to Farmers Home. The more valuable asset—the agreement not to operate a dairy business for five years—was applied by the Union Bank to its own loans.

The language of the Conditional Commitment at Item 8 is dispositive. Plaintiff must collect payments due on the guaranteed loan before collecting *any payment* on the Bank's loans. As a condition of its guarantee, the Government wanted to be paid first.

Plaintiff's position is that Item 8 commands payments only from collateral related to the guaranteed loan. However, common sense—if not the U.C.C.—suggests that Union Bank's collateral in the Dairy Termination Program *was* related to the dairy herd securing the guaranteed loan.

Plaintiff's loan officer states in an affidavit that Farmers Home "never advised Union Bank that it interprets Item 8 ... to require that payments from collateral not pledged on the FHA guaranteed loan must be applied on the FHA guaranteed loan ahead of direct loans for which the collateral was pledged." We may accept this assertion as true without its changing the result. The plain meaning of this contract cannot be amended by one party's failure to interpret it for the other.

## CONCLUSION

Plaintiff's reliance on the Administrative Procedure Act as a jurisdictional basis is erroneous. Defendant's cross-motion for summary judgment on plaintiff's breach of contract claim is GRANTED. The Clerk will dismiss the complaint. No costs.